

J. W. Hinsdale, for creditor.
B. Fuller, for bankrupt.

BROOKS, District Judge. When the bankrupt appears before the register to take and subscribe the final oath, he may be examined by any creditor, or by the assignee in the interest of creditors, with the view to show that the requirements of the act, or some one of such requirements, have not been conformed to. To this end any creditor may question him particularly, whether he has done or permitted any of the acts forbidden, or if he has failed or omitted to perform any of the acts specified to be done in the twenty-ninth section of the act [of 1867 (14 Stat. 531)]. If the creditor making such examination desire the questions and answers, or the examination in any form, reduced to writing by the register, such creditor must pay to the register his fees per folio—as for other depositions. This would be a service rendered at such creditor's request, and would come under an express provision of the law.

In conducting such examination the register should use that discretion which a judge is often called upon to exercise. He should not so restrict the inquiries as to keep back any pertinent truth, nor allow a useless consumption of time, or the debtor to be merely harassed. The fees to be paid by the creditor would not embrace the per diem compensation to the register, or his fee for administering the oath, or the certificate referred, as these are required to be performed if no creditor appears.

THE COURT stopped Meredith, who was for the plaintiff; and informed the jury, that the defendant ought either to have paid this money to the plaintiff, or enabled him to look to the purchaser. But that he had not done the former, and had disabled himself from doing the latter. That the plaintiff could not have sued the purchaser, because the simple contract debt was extinguished by the bond; and the defendant, having mixed the debt due to himself, and to the plaintiff, in one bond, taken in his own name, that the plaintiff had no remedy in the bond; and it does not appear, that any offer was made to assign the bond. If the plaintiff cannot recover from the defendant now, when can he recover? Sue him when he pleases, the defendant may keep him at arm's length, by saying, "I have not yet collected the money." Whereas, the debt having been originally due to the plaintiff, he might have sued for it at any time, in his own name, if he had not been prevented by the conduct of the defendant; who, if he is the cause why the plaintiff cannot sue the real debtor, makes himself the debtor. The jury found accordingly for the plaintiff.

## Case No. 7,129.

JACKSON v. BAKER.

[1 Wash. C. C. 394.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

## Case No. 7,130.

JACKSON v. BAKER.

[1 Wash. C. C. 445.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]